UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| LEONARD GOLUB,<br>ON BEHALF OF HIMSELF AND<br>ALL OTHERS SIMILIARLY SITUATED,<br><br>      Plaintiff,<br> v<br><br>D & A SERVICES, LLC<br>A/K/A D & A SERVICES, LLC OF IL,<br><br>      Defendant. | Civil Action, File No.<br>2:18-cv-00888-JMA-AKT |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Leonard Golub [hereinafter "Golub"] on behalf of herself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, D & A Services, LLC a/k/a D & A Services, LLC of IL ("D & A"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on D & A's regular transaction of business within this district. Venue in this district also is proper based on D & A possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. D & A also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Golub is a natural person who resides at 108 Elliot Street, Merrick, NY 11566.

6. Golub is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about September 6, 2016, D & A, on behalf of Second Round Limited Partnership, sent Golub the letter annexed as Exhibit A. Golub received and read Exhibit A. For the reasons set forth below, Golub's receipt and reading of Exhibit A deprived Golub of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, D & A sent Exhibit A to Golub on behalf of Second Round Limited Partnership in an attempt to collect a past due debt due to Second Round Limited Partnership.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account by Synchrony Bank for his individual use, individually incurring charges by using the credit card account primarily for personal, family or household purposes, and then, as an individual, failing to pay for these charges. D & A, via Exhibit A, attempted to collect this past due debt from Golub on behalf of Second Round Limited Partnership in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. D & A is an Illinois Professional Service Limited Liability Company and a New York Foreign Professional Service Limited Liability Company.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. D & A possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. Based upon Exhibit A and upon D & A possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of D & A is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. On Exhibit A, D & A sets forth that it is a debt collector attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

14. Based upon the allegations in the above three paragraphs, D & A is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A set forth a "Current Balance" of $3,249.37.

17. Any "Current Balance" resulted from an agreement between Golub and Synchrony Bank; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

18. Based on Exhibit A using the words "Current Balance" and pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue and continued to be owed to Synchrony Bank and any assignee or successor-in-interest such as Second Round Limited Partnership on any "Current Balance" due but unpaid to Synchrony Bank and any assignee or successor-in-interest such as Second Round Limited Partnership.

19. Based on Exhibit A using the words "Current Balance" and pursuant to the aforementioned agreement, Synchrony Bank and any assignee or successor-in-interest such as Second Round Limited Partnership had a legal right at any time to collect from Golub the aforementioned interest, late charges, and/or other charges which had continued to accrue and continued to be owed to Synchrony Bank and any assignee or successor-in-interest such as Second Round Limited Partnership on any "Current Balance" due but unpaid to Synchrony Bank and any assignee or successor-in-interest such as Second Round Limited Partnership.

20. The aforementioned right to collect from Golub the aforementioned accrued interest, late charges, and/or other charges in addition to any "Current Balance" is not waived by Synchrony Bank or any assignee or successor-in-interest such as Second Round Limited Partnership as a result of a failure by either Synchrony Bank and any assignee or successor-in-interest such as Second Round Limited Partnership at any point in time to attempt to collect from Golub the aforementioned accrued interest, late charges, and/or other charges in addition to any "Current Balance".

21. Neither Synchrony Bank or any assignee or successor-in-interest such as Second Round Limited Partnership ever sent Golub a written communication that they waived the

aforementioned right to collect from Golub the aforementioned accrued interest, late charges, and/or other charges in addition to any "Current Balance".

22. On and after the date of Exhibit A, Second Round Limited Partnership possessed the legal right to sell, transfer, or assign the account/debt identified in Exhibit A.

23. The entity to which the account/debt identified in Exhibit A was sold, transferred, or assigned had the right collect the aforementioned accrued interest, late charges, and/or other charges in addition to any "Current Balance".

24. On and after the date of Exhibit A, Second Round Limited Partnership possessed the legal right to terminate D & A as its debt collector.

25. Upon such termination, Second Round Limited Partnership, through its own efforts or the efforts of a different debt collector, had the right collect the aforementioned accrued interest, late charges, and/or other charges in addition to any "Current Balance".

26. On and after the date of Exhibit A, Second Round Limited Partnership had the right to instruct D & A to seek from Golub the aforementioned accrued interest, late charges, and/or other charges in addition to any "Current Balance".

27. For the above reasons, at any time after the date of Exhibit A, the "Current Balance" from Golub and/or the "Current Balance" sought from Golub may have increased due to the aforementioned accrued interest, late charges, and/or other charges.

28. However, Exhibit A failed to notify Golub that her "Current Balance" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

29. Although Exhibit A sets forth a settlement offer, Exhibit A failed to notify Golub that if he did not pay the amount of the settlement offer then the "Current Balance" of $3,249.37 may increase due to the aforementioned accrued interest, late charges, and/or other fees.

30. Although Exhibit A sets forth a settlement offer, Exhibit A failed to notify Golub that his payment of the settlement offer would result in full satisfaction of the debt if payment is made by a specific date.

31. For the above reasons, as a result of the aforementioned omissions from Exhibit A, Defendant violated 15 USC § 1692e by sending Exhibit A to Golub.

## SECOND CAUSE OF ACTION-CLASS CLAIM

32. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

33. Exhibit A sets forth a "Current Balance" of $3,249.37.

34. Exhibit A does not set forth that the "Current Balance" of $3,249.37 may increase due to interest, late charges, and/or other charges.

35. Since Exhibit A does not set forth that the "Current Balance" of $3,249.37 may increase due to interest, late charges, and/or other charges, "the least sophisticated consumer" could read Exhibit A as meaning that the "Current Balance" of $3,249.37 was static and that their payment of $3,249.37 would satisfy the debt irrespective of when the payment was remitted.

36. NY CPLR 5001(a) provides as follows:

> "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion."

37. "[A]n award of pre-decision or pre-verdict interest pursuant to CPLR 5001 on a damages award on a cause of action to recover damages in quantum meruit is mandatory, as it would be on a damages award on a cause of action to recover damages for breach of contract

(*citations omitted*)". Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010) and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

38. Golub owed this past due debt under a theory of contract or quantum meruit and therefore NY CPLR 5001 is applicable to the past due debt set forth in Exhibit A.

39. NY CPLR 5001(b) provides as follows:

> "Interest shall be computed from the earliest ascertainable date the cause of action existed…"

40. Based on the debt being undisputed and the nature of the debt and the date of default, as regards the past due debt set forth in Exhibit A, Synchrony Bank had a guaranteed right to interest on the "Current Balance" of $3,249.37 from the date of Exhibit A or an earlier date. NY CPLR 5001 (a) and (b), Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010) Leroy Callender, P.C. v. Fieldman, 676 N.Y.S.2d 152,154, 252 A.D.2d 468 (N. Y. A. D. 1 Dept., 1998), and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

41. Based on the above, the "Current Balance" of $3,249.37 set forth in Exhibit A was not static. Instead, interest was in fact accruing and owed on the "Current Balance" of $3,249.37 set forth in Exhibit A from the date of Exhibit A or earlier than the date of Exhibit A.

42. On and after the date of Exhibit A, Second Round Limited Partnership or any assignee or successor-in-interest possessed the legal right to sell, transfer or assign the account/debt identified in Exhibit A.

43. On and after the date of Exhibit A, any assignee or successor-in-interest could take the steps required to seek the interest that accumulated after Exhibit A was sent but before the "Current Balance" of $3,249.37 set forth in Exhibit A was paid.

44. On and after the date of Exhibit A, Second Round Limited Partnership possessed the legal right to terminate D & A as its debt collector

45. Subsequent to any such aforementioned termination, Second Round Limited Partnership could take the steps required to seek the interest that accumulated after Exhibit A was sent but before the "Current Balance" of $3,249.37 set forth in Exhibit A was paid.

46. For the above reasons, at any time after the date of Exhibit A, the "Current Balance" from Golub and/or the "Current Balance" sought from Golub may have increased due to the aforementioned accrued interest.

47. However, Exhibit A does not set forth that the "Current Balance" of $3,249.37 may increase due to interest.

48. Although Exhibit A sets forth a settlement offer, Exhibit A failed to notify Golub that if he did not pay the amount of the settlement offer then the "Current Balance" of $3,249.37 may increase due to the aforementioned accrued interest.

49. Although Exhibit A sets forth a settlement offer, Exhibit A failed to notify Golub that his payment of the settlement offer would result in full satisfaction of the debt if payment is made by a specific date.

50. For the above reasons, as a result of the aforementioned omissions from Exhibit A, Defendant violated 15 USC § 1692e by sending Exhibit A to Golub.

### THIRD CAUSE OF ACTION-CLASS CLAIM

51. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

52. Exhibit A sets forth a "Current Balance" of $3,249.37.

53. If interest, late charges, and/or other charges were not accruing on any amount due to Second

Round Limited Partnership, then, for the reasons set forth in *Islam v American Recovery Service Incorporated* 17-cv-4228 (BMC) (EDNY 2017), Defendants violated 15 USC § 1692e, and/or 15 USC § 1692e(10) as a result of Exhibit A setting forth the amount due to Midland as the "Current Balance".

### FOURTH CAUSE OF ACTION-CLASS CLAIM

54. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

55. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

### FIFTH CAUSE OF ACTION-CLASS CLAIM

56. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

57. By sending Exhibit A to Golub, D & A violated 15 USC 1692g.

### CLASS ALLEGATIONS

58. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

59. The class consist of (a) all natural persons (b) who received a letter from D & A dated between September 6, 2016 and the present, (c) to collect a past due debt regarding a credit card account, (d) in a form materially identical or substantially similar to Exhibit A.

60. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

61. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

62. The predominant common question is whether Defendant's letters violate the FDCPA.

63. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

64. A class action is the superior means of adjudicating this dispute.

65. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against D & A in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:      March 28, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709